HAWTHORNE, Justice
(dissenting).
In' this case plaintiff-relator is not objecting to the candidacy of defendant-respondent. In other words, he is not contesting her right to become -a candidate in the primary election; he is simply objecting to her qualifying as a candidate for the Democratic nomination for assessor of Jefferson Parish under the name of “Mrs. Vernon J. Wilty, Jr.”, the name under which she has been a registered voter of thát parish since T95L Plaintiff is also a candidate .for. that office, having qualified under the name of “Vernon John Wilty, Jr.” Plaintiff’s protest timely filed with the Jefferson' Parish Democratic Executive Committee opposing defendant’s qualifying as a candidate under the name of “Mrs. Vernon J. Wilty, Jr.” was disallowed by that committee, which voted unanimously to accept the defendant’s qualification under the name-“Mrs. Vernon J. Wilty, Jr.”
This case properly belongs to the political department of the government, as there is no. statute or constitutional provision giving *174 the judiciary the power to act in a case like this. Reid v. Brunot, 153 La. 490, 96 So. 43, and numerous authorities there cited. In the Reid case this court said:
“The first question to be determined is as to the source and extent of the courts’ jurisdiction and power over the parties and subject-matter of this controversy.
“It is a well-settled and established principle of law that all elections and all matters relating to or affecting the same, belong to the political department of the government and are, therefore, beyond the control of the judicial power, in the absence of special constitutional or statutory authorization. No person has a right to invoke the aid of the courts in an election contest, unless there be some express law vesting the courts with jurisdiction and conferring such right of action upon the contestant.”
In the instant case the majority neither cites-nor relies upon any express law vesting this court with jurisdiction and conferring this right of action, but bases its conclusion on the premise that the voter will be confused as to the identity of these two candidates and that this confusion will result in an unfair election. Even if this premise were valid, and I do not think it is, it does not serve to bring the case within the control of the judiciary, sole control being vested in the Jefferson Parish Democratic Executive Committee. Therefore the committee’s action in disallowing plaintiff’s protest is final and not subj ect to review by any court.
The- opinion in the instant case is contrary to the sound principle of law set out in Reid v. Brunot, supra, and the many authorities there cited.
■Even if I should concede that the court has jurisdiction, I cannot agree that the voters will not be able to identify the-two candidates and will become confused. One of the candidates is designated by the prefix “Mrs.”, and is thus clearly shown to be a woman; the other is obviously a man. In effect, the majority says the voters (all of whom are over 21 years of age) cannot tell the difference between a man and' a woman when they enter the voting booth. As to whether they can at other times the court is not called upon to express any view.